UNITED STATES of America,
Plaintiff-Appellee,

v.

Nicholas MAIDA, Defendant-Appellant.

No. 16-16193

Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(July 18, 2017)

Nicole D. Mariani, Laura Thomas Rivero, Alexandra Chase, Assistant U.S. Attorney, Wifredo A. Ferrer, Lisa Tobin Rubio, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee

Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, Daryl Elliott Wilcox, Federal Public Defender's Office, Fort Lauderdale, FL, for Defendant-Appellant

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicholas Maida appeals his 120-month sentence, imposed after he pled guilty to one count of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In calculating Maida's guideline range, the district court determined that he qualified for a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because he had two prior convictions for "crimes of violence" as defined in U.S.S.G. § 4B1.2. On appeal, Maida argues that the district court erred in determining that his prior Florida conviction for aggravated battery with a deadly weapon qualifies as a "crime of violence." He asserts that the offense does not include as an element the use, attempted use, or threatened use of force.

We review *de novo* whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015). The guidelines provide for a base offense level of 24 for a defendant convicted of unlawfully possessing a firearm if the defendant committed that offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(2). The guidelines that applied when Maida was sentenced defined "crime

of violence" as any offense punishable by imprisonment for a term exceeding on year, that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (amended 2016).

Under Florida law, a person commits aggravated battery when he commits simple battery along with one of three aggravating factors. Fla. Stat. Ann. § 784.045(1). Simple battery is defined as (1) actually and intentionally touching or striking another person against the will of the other, or (2) intentionally causing bodily harm to another person. *Id.* § 784.03(1)(a). Aggravated battery occurs when a person commits simple battery and (1) intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; (2) uses a deadly weapon; or (3) knew or should have known that the victim was pregnant. *Id.* § 784.045(1); *Turner v. Warden, Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, ——— U.S. ———, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

As Maida acknowledges, we previously have held that Florida's aggravated battery with a deadly weapon statute qualifies as a "violent felony" under the Armed Career Criminal Act's ("ACCA") elements clause, which is worded the same as the elements clause in U.S.S.G. § 4B1.2(a). *Turner*, 709 F.3d at 1341. Furthermore, we recently confirmed that, despite questions regarding its continuing validity, *Turner* remains binding precedent in this Circuit. *See generally United States v.*

*Golden*, 854 F.3d 1256 (11th Cir. 2017); *see id.* at 1256-57 (noting that *Turner* controlled the determination of whether a Florida aggravated assault conviction qualified as a "crime of violence" under U.S.S.G. § 4B1.2 because, although *Turner* concerned ACCA's elements clause, the elements clauses under ACCA and guidelines are identical).

We continue to be bound to follow *Turner* unless and until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court; thus, we acknowledge that Maida has preserved this challenge but do not address it further. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003); *see also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that, although a decision of the Supreme Court may overrule or abrogate prior panel precedent, such a decision "must be clearly on point" (internal quotation marks omitted)). We therefore affirm Maida's sentence.

**AFFIRMED.**